IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUZETTE TILLMAN,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY & COUNTY of SAN FRANCISCO,<br>SAN FRANCISCO CITY AND COUNTY<br>ADULT PROBATION DEPARTMENT,<br>DOES 1–20.<br><br>  Defendants.<br>                                                              / | No. C 09-01832 WHA<br><br>**ORDER GRANTING<br>DEFENDANT CITY<br>AND COUNTY OF SAN<br>FRANCISCO'S MOTION<br>FOR PARTIAL JUDGMENT<br>ON THE PLEADINGS** |

**INTRODUCTION**

In this employment-discrimination action, defendant City and County of San Francisco now moves for judgment on the pleadings on all but one of plaintiff Suzette Tillman's claims. For the following reasons, the motion is **GRANTED**.

**STATEMENT**

Plaintiff began working for the San Francisco Adult Probation Department in 1989. She asserts that she suffered multiple work-related injuries over the course of her employment at the Department that resulted in her disability. In 1999, plaintiff filed a lawsuit against the Department in federal court alleging disability, race, and gender discrimination. That action settled out of court. Plaintiff voluntarily retired from her position with the Department on April 1, 2007.

On March 18, 2008, plaintiff filed a charge of discrimination with the EEOC, alleging that she had "been denied full compensation for [her] retirement" without explanation. Plaintiff claimed that she was being "retaliated against for engaging in protected activity in violation of the Americans With Disabilities Act of 1990, as amended and in violation of Title VII of the Civil Rights Act of 1964, as amended." On March 27, 2008, the EEOC sent a letter to plaintiff explaining the commission's "case processing procedures," and stating that the charge would "automatically be filed with the [Department of Fair Employment and Housing]" (Compl. Exh. A).[1] Plaintiff completed an "intake questionnaire" as part of the EEOC charge process. The questionnaire was not attached to the complaint. Plaintiff has attached it to her opposition as Exhibit B.

Plaintiff recently initiated this action against defendant City and County of San Francisco and her former employer, the Probation Department, in state court. Defendant removed it here.

On June 16, 2009, nearly three months after plaintiff filed this action, the Department of Justice Civil Rights Division sent plaintiff a "Notice of Right to Sue." This notice stated (Opp. Exh. C):

> Because you filed the above charge with the [EEOC], and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action against the above-named respondent under:
>
> Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et. seq., and, Title V, Section 503 of the Act, 42 U.S.C. 12203.

Defendant has moved for judgment on the pleadings on the following claims: (1) Title VII claim for disability discrimination; (2) FEHA claims for disability discrimination, harassment, and constructive discharge resulting therefrom; and (3) retaliation claims related to denial of workers'

---

[1] This order notes that defendant appears to agree with plaintiff's assertion that this letter from the EEOC is a notice of "right to sue." But it appears that this letter was *not* intended as such a notice, particularly when compared to the DOJ letter dated June 16, 2009 (attached to plaintiff's opposition as Exhibit C), which is specifically titled "Notice of Right to Sue." There is no evidence that plaintiff received a "right to sue" notice at any time prior to her filing of this action. As defendant does not dispute that plaintiff has been granted the right to sue, however, this order does not inquire further in to this apparent discrepancy.

2

compensation. The only claim for which defendant has not moved for judgment on the pleadings is plaintiff's claim for retaliation under the FEHA.

**ANALYSIS**

A motion for judgment on the pleadings under FRCP 12(c) may be granted only "when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989). We may not go beyond the pleadings to resolve any disputed issues when determining the outcome of the motion. Moreover, "[a]ll allegations of fact by the party opposing the motion are accepted as true, and are construed in the light most favorable to that party." *General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989).

**1. PLAINTIFF'S CLAIMS FOR DISABILITY DISCRIMINATION, HARASSMENT, AND CONSTRUCTIVE DISCHARGE.**

Defendant moves for judgment on the pleadings as to plaintiff's claims for disability discrimination under both Title VII and the FEHA, as well as her claims for harassment and constructive discharge resulting therefrom under the FEHA.

**A. Disability is Not a Protected Class Under Title VII.**

Defendant argues that plaintiff's Title VII claim for disability discrimination should be dismissed because disability is not a protected category under Title VII. 42 U.S.C. 2000e-2(a)(1) ("It shall be an unlawful employment practice for an employer . . . to discriminate against any individual . . . because of such individual's race, color, religion, sex, or national origin"). In her opposition, plaintiff acknowledges that disability is not a protected class under Title VII (Opp. 1). Accordingly, partial judgment on the pleadings as to plaintiff's Title VII claim is **GRANTED**.

**B. Plaintiff Has Not Exhausted Her Administrative Remedies Regarding Her FEHA Claims for Disability Discrimination, Harassment, and Constructive Discharge.**

An aggrieved employee must exhaust his or her "FEHA administrative remedy before bringing suit on a cause of action under the act or seeking the relief provided therein." *Rojo v. Kliger*, 52 Cal. 3d 65, 88 (1990). Failure to do so is a jurisdictional defect, and "a trial court must grant summary judgment and dismiss." *Miller v. United Airlines, Inc.*, 174 Cal. App. 3d 878, 890

3

(Ct. App. 1985). "To exhaust his or her administrative remedies as to a particular act made unlawful by the [FEHA], the claimant must *specify that act in the administrative complaint*, even if the complaint does specify other cognizable wrongful acts." *Martin v. Lockheed Missiles & Space Co., Inc.*, 29 Cal. App. 4th 1718, 1724 (Ct. App. 1994) (emphasis added).

Defendant asserts that plaintiff has failed to exhaust her administrative remedies as to each of her FEHA claims, except for the one claim specified in her administrative charge (retaliation), and that she is therefore barred from bringing those claims here. This order agrees.

### *(1)  Plaintiff's Administrative Charge Asserts Only a Claim for Retaliation.*

On plaintiff's administrative charge form, "Retaliation" is the only box checked — plaintiff did not check the boxes marked "Race," "Sex," or "Disability." On this form, plaintiff explained that she filed a lawsuit alleging disability, race, and gender discrimination against her employer in 1999, and that she had been "denied full compensation for [her] retirement" in retaliation "for engaging in protected activity [the filing of the lawsuit] in violation of the [ADA and Title VII]" (Compl. Exh. A). Although she mentioned that she filed a lawsuit, nowhere in her administrative charge did plaintiff specifically assert that she was discriminated against or that she expected such discrimination to be investigated.

Defendant relies on *Martin*, as well as various other California decisions that have held similarly that claims must be specified in an administrative charge prior to being brought in a civil suit. Indeed, "the more specific the original charge, the less likely that expansion into other areas will be allowed." *Okoli v. Lockheed Technical Operations Co.*, 36 Cal. App. 4th 1607, 1617 (Ct. App. 1995). "[T]he scope of the [civil] complaint is limited not by the EEOC charge, but rather by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge." *Id.* at 1615 (quotations and citations omitted). Here, plaintiff's retaliation claim was very specific, and the scope of the investigation into her claim should have reasonably been expected to be specific as well.

Plaintiff asserts that she has exhausted her administrative remedies as to all claims because she referenced "issues under the ADA" in the "particulars" section of the administrative charge (Opp. 2). But plaintiff's complaint does not seek relief under the ADA, and plaintiff may

4

not add claims simply by referencing them in an opposition to a later motion.[2] Plaintiff cites two decisions in support of her argument that simply having made this reference to "issues under the ADA" entitles her to bring claims in this civil suit that were not specifically brought in the administrative charge. The first of these decisions is *Jones v. United Parcel Serv., Inc.*, 411 F. Supp. 2d 1236 (D. Kan. 2006), in which Judge Vratil held that the plaintiff's failure to check a box indicating his belief that his employer regarded him as disabled did not preclude him from bringing a perceived disability discrimination claim in a subsequent civil suit.[3] When *Jones* went up on appeal, however, the Tenth Circuit explicitly reversed the district court on this issue, holding instead that "[b]ecause an investigation into whether UPS failed to accommodate Mr. Jones cannot reasonably be expected to follow the charge, he has failed to exhaust his administrative remedies with respect to this claim." *Jones v. United Parcel Serv., Inc.*, 502 F.3d 1176, 1187 (10th Cir. 2007) (internal quotations and citations omitted).

The second decision, *Laquaglia v. Rio Hotel & Casino, Inc.*, 186 F.3d 1172 (9th Cir. 1999), does not support plaintiff's argument. Plaintiff states that *Rio* "reasoned that the employee's failure to check off the box on the formal charging document was irrelevant to determination of whether a Title VII claim had been timely filed" (Opp. 2). In *Rio*, the Ninth Circuit considered *timeliness* — a completely different issue than this order is faced with. Plaintiff's administrative charge fails to specify any claims beyond retaliation. Plaintiff's reference to her previous lawsuit alone is not sufficient to exhaust her administrative remedies as to all of the FEHA claims she now brings. Courts only consider the "scope of the administrative investigation that can reasonably be expected to follow from the discriminatory *acts alleged*" in the charge. *Jones*, 502 F.3d at 1186 (emphasis added). "[T]he charge must

---

[2] References to plaintiff's claims under the ADA are made throughout her opposition. But plaintiff's complaint does not assert any claim under the ADA. Nor has she moved for leave to file an amended complaint adding these claims.

[3] Both parties cite various federal decisions regarding Title VII and other civil rights statutes in support of their arguments regarding the FEHA, a California statute. As defendant points out, however, the antidiscrimination and public policy objectives of the FEHA are very similar to those of Title VII and other civil rights statutes. It is therefore appropriate for courts to consider federal decisions regarding federal statutory schemes when considering analogous questions under the FEHA. *Yurick v. Superior Court*, 209 Cal. App. 3d 1116, 1121 (Ct. App. 1989).

5

contain facts concerning the discriminatory and retaliatory actions underlying each claim; this follows from the rule that each discrete incident of alleged discrimination or retaliation constitutes its own unlawful employment practice for which administrative remedies must be exhausted." *Ibid*. It would not be reasonable to assume that the EEOC or DFEH would investigate allegations made in a lawsuit that had already been settled years before plaintiff filed her administrative charge, particularly when the charge so specifically requested investigation into retaliation. The only claim for which plaintiff's charge contains sufficient facts is her claim for retaliation.

### (2) *Plaintiff's Intake Questionnaire Is Not Part of the Administrative Charge.*

Plaintiff next argues that her EEOC "intake questionnaire" should be "incorporated by reference with the EEOC charge." She asserts that the contents of the questionnaire demonstrate that all of her claims were raised in the administrative charge, and she has therefore properly exhausted all her administrative remedies (Opp. 2). Plaintiff has appended the intake questionnaire as Exhibit B to her opposition. As stated above, however, in deciding a motion for judgment on the pleadings, this order considers only the pleadings themselves and the exhibits included therewith. The operative pleading is the complaint. Plaintiff did not append the intake questionnaire to her complaint — she did not even mention the existence of the questionnaire. Nor has she requested leave to amend her complaint in order to attach the questionnaire or any other documents.

If the rule were that the questionnaire *is* properly considered to be part of the EEOC administrative charge plaintiff filed on March 18, 2008, the contents of the questionnaire would bear on whether plaintiff has exhausted her administrative remedies. But that is not the rule.

This order considers the contents of the questionnaire only insofar as such a consideration is helpful in determining whether the questionnaire is a part of the charge. The final page of the questionnaire clearly states the document's principal purpose (Opp. Exh. B) (emphasis added):

> The purpose of this questionnaire is to solicit information in an acceptable form consistent with statutory requirements to enable the Commission to act on matters within its jurisdiction. When this form constitutes *the only timely written statement of allegations* of employment discrimination, the Commission will . . . consider it to be a sufficient charge of discrimination.

6

Here, the administrative charge is itself a timely written statement of factual allegations — there is no need to look to the questionnaire.

Plaintiff cites numerous decisions to support her argument that the intake questionnaire should be considered a part of plaintiff's charge. Defendant correctly asserts, however, that not one of these decisions provides direct support for her argument. Indeed, these decisions are either unpublished, overruled, or distinguishable. None discuss the *incorporation* of an intake questionnaire in to a charge, or whether an intake questionnaire can support a timely filed charge. As to the only relevant decision she cites, plaintiff asserts that *Federal Express Corp. v. Holowecki*, 552 U.S. 389 (2008), supports her argument by adopting "a loose standard for determining what documents meet [the statutory requirement for a charge]" (Opp. 4). Loose standard or not, *Holowecki* also held that the EEOC "is not required to treat every completed Intake Questionnaire as a charge." *Holowecki*, 552 U.S. at 1159. The Supreme Court's conclusion that the questionnaire constituted a charge was largely based on the fact that it was "supplemented with a detailed six-page affidavit" that included a direct request for the agency to "force Federal Express to end their age discrimination plan." *Id.* at 1159–60. That is not the case here.

In sum, this order agrees with defendant that the questionnaire in this action is not properly considered a part of the charge.

For the reasons above, defendant's motion for partial judgment on the pleadings as to plaintiff's FEHA claims for disability discrimination, harassment, and constructive discharge is **GRANTED**.

### 2. PLAINTIFF'S CLAIMS FOR RETALIATION RELATING TO DENIAL OF WORKERS' COMPENSATION.

Defendant moves for judgment on the pleadings regarding any claims of retaliation related to denial of workers' compensation benefits on the grounds that plaintiff has not exhausted her administrative remedies as to these claims and workers' compensation claims are not actionable in this forum. In her opposition, plaintiff acknowledges that workers' compensation claims may not be litigated in a federal court because they fall within "the exclusive jurisdiction of the Worker's Compensation Appeals Board" (Opp. 6). *See* Cal. Lab. Code § 5300. Plaintiff explains

that "facts related to the handling of these disputes, and her treatment related to these disputes [are] relevant to issues of retaliation, and under the [ADA]" (Opp. 6). But plaintiff may pursue her FEHA retaliation claim for denial of retirement benefits without simultaneously pursuing claims relating to workers' compensation (over which she concedes this Court does not have jurisdiction). Accordingly, defendants motion for partial judgment on the pleadings as to any retaliation claims regarding denial of workers' compensation is **GRANTED**.

### 3. DISMISSAL OF THE ADULT PROBATION DEPARTMENT AS A PARTY.

Defendant seeks dismissal of the Adult Probation Department as a party on the ground that it is not a separate and independent legal entity and does not have the capacity to be sued. In her opposition, plaintiff states that she does not dispute this point (Opp. 7). Accordingly, the Adult Probation Department is hereby **DISMISSED**.

## CONCLUSION

Because plaintiff's administrative charge to the EEOC specified only a claim of retaliation by way of denial of retirement benefits, she has not exhausted her administrative remedies with respect to her other FEHA claims. Additionally, disability is not a protected class under Title VII and workers' compensation claims fall within the exclusive jurisdiction of the Workers' Compensation Appeals Board.

For the above reasons, defendant's motion for partial judgment on the pleadings is **GRANTED**. Plaintiff's claim for retaliation under the FEHA remains. Any motion to amend must be filed and served by **OCTOBER 29**, **2009**, setting forth the new pleading in full and explaining why it would overcome the defects, if allowed.

**IT IS SO ORDERED.**

Dated: October 15, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

8